COPY

1  Yvette D. Roland (SBN 120311)
   Cyndie M. Chang (SBN 227542)
2  DUANE MORRIS LLP
   865 S. Figueroa St., Suite 3100
3  Los Angeles, CA 90017-5450
   Telephone: (213) 689-7400
4  Facsimile: (213) 689-7401
   Email: ydroland@duanemorris.com
5  E-mail: cmchang@duanemorris.com
   and
6  Gregory P. Gulia (pro hac vice pending)
   Eric W. McCormick (pro hac vice pending)
7  Mitchell A. Frank (pro hac vice pending)
   DUANE MORRIS LLP
8  1540 Broadway
   New York, New York 10036-4086
9  Telephone: (212) 692-1000
   Facsimile: (212) 692-1020
10
   Attorneys for Plaintiff
11 UNILEVER SUPPLY CHAIN, INC.

12            **IN THE UNITED STATES DISTRICT COURT**

13         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14  UNILEVER SUPPLY CHAIN, INC.,        Case No. **CV10·09851** SVW(PJWx)

15              Plaintiff,              COMPLAINT FOR:
                                          1) FEDERAL TRADEMARK
16         v.                                COUNTERFEITING (15 U.S.C.
                                             §1114(1));
17  JOHN ANTONY UELAND CAGLIA,            2) FEDERAL UNFAIR
                                             COMPETITION, FALSE
18              Defendant.                    DESIGNATION OF ORIGIN
                                             AND FALSE ADVERTISING
19                                           (15 U.S.C. § 1125(a));
                                          3) FEDERAL TRADEMARK
20                                           DILUTION (15 U.S.C.
                                             §1125(c));
21                                        4) STATE STATUTORY
                                             UNFAIR COMPETITION
22                                           (CAL. BUS. & PROF. CODE §
                                             17200);
23                                        5) STATE STATUTORY
                                             DILUTION (CAL. BUS. &
24                                           PROF. CODE § 14247); and
                                          6) COMMON LAW UNFAIR
25                                           COMPETITION
                                          7) DEMAND FOR JURY TRIAL
26

27

28

DM2\2591567.1

COMPLAINT

Plaintiff Unilever Supply Chain, Inc. ("Unilever") alleges as follows:

1.      This action is brought against defendant John Antony Ueland Caglia ("Defendant") for trademark infringement, trademark dilution, false designation of origin and unfair competition, in violation of the Lanham Act, 15 U.S.C. §§ 1141(1), 1125(a)(1), and 1125(c), California Business and Professions Code §§ 14247 and 17200, and common law, arising from Defendant's use of a designation that is likely to cause confusion with, dilute, and/or is likely to dilute, Unilever's federally registered and famous family of SICLE trademarks, including the POPSICLE®, FUDGSICLE® and CREAMSICLE® marks (collectively, the "SICLE Marks").

2.      Unilever seeks injunctive relief and monetary damages.

## PARTIES

3.      Unilever Supply Chain, Inc. ("Unilever") is a Delaware corporation, with a place of business at 1 John Street, Clinton, Connecticut 06413.  Unilever and its affiliated companies are leading manufacturers of food and personal care products. Among their products and widely recognizable brands, Unilever and/or its affiliates and their licensees manufacture, market and sell frozen confections, ice cream, and a variety of other products under the federally registered and famous SICLE Marks.

4.      Upon information and belief, John Antony Ueland Caglia is an individual residing at 34098 Ladyfern Court, Lake Elsinore, California 92535.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, Sections 1332(a), 1338(a), 1338(b) and 1367(a) of the Judicial Code, 28 U.S.C. 1332(a), § 1338(a), § 1338(b) and § 1367(a), and under principles of supplementary jurisdiction.

6.      This Court has personal jurisdiction over the Defendant, and venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(c), because Defendant resides in the State of California, and/or the events giving rise to the claims alleged in this

complaint have a substantial effect in California and a substantial part of such events occurred and/or will occur in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      Unilever's Family of Federally Registered Marks and Famous SICLE Marks

7.      Unilever's rights in its SICLE Marks date back more than eighty years. Over this more than eight decades, Unilever and/or its affiliates,  and their predecessors and/or their licensees (Unilever's affiliates, predecessors and their licensees hereinafter collectively referred to as the "Related Entities"), have successfully grown and expanded the famous and well-known federally registered SICLE Marks to include, among others, POPSICLE®, POPSICLE THE ORIGINAL BRAND (and Design)®, CREAMSICLE®, FUDGSICLE®, SUPERSICLE® and CHOCSICLE®, for  frozen confections and other products.

8.      For decades, Unilever and/or the Related Entities have extensively marketed, advertised, promoted and sold frozen confections under the SICLE Marks throughout the United States.  Unilever and/or the Related Entities have sold, and continue to sell, frozen confections under the numerous SICLE Marks individually and in multi-packs through retail stores, including grocery and convenience stores, and mobile vending carts, trucks and stands across the country.  Products sold under the SICLE Marks have been promoted for many years through a wide variety of national media, including television, radio, print and a website located at the domain name "www.popsicle.com".

9.      As a result of the longstanding, extensive, and widespread use, marketing and promotion of the SICLE Marks and products by Unilever and/or the Related Entities, Unilever's SICLE Marks are widely recognized by the general consuming public as a designation of source for Unilever's frozen confections and other products. Indeed, POPSICLE® brand frozen confections are the number one kids frozen novelty brand in the United States.

10.     Unilever's SICLE Marks are famous and were famous long prior to the filing date of the GLOWSICLE Application (as hereinafter defined) and date of first use of the Infringing Mark (as hereinafter defined) and any use of the Infringing Promotional Elements (as hereinafter defined).

11.     Unilever is the exclusive owner of numerous federal registrations for its SICLE Marks, including, but not limited to, the following:

(a)     POPSICLE THE ORIGINAL BRAND® (and Design) (Reg. No. 1,840,718), dated June 21, 1994, for "frozen confections," in International Class 30;

(b)     POPSICLE® (Reg. No. 2,421,400), dated January 16, 2001, for "frozen confections," in International Class 30;

(c)     FUDGSICLE® (Reg. No. 434,594), dated November 25, 1947, for "frozen confections and powdered concentrates for making the same," in International Class 30;

(d)     CREAMSICLE® (Reg. No. 1,839,541), dated June 14, 1994, for "frozen confections," in International Class 30; and

(e)     CHOCSICLE® (Reg. No. 3,178,063), dated November 28, 2006, for "frozen confections," in International Class 30.

Copies of the Certificates of Registration for the foregoing marks are attached hereto as Exhibit A.

12.     Unilever's registrations for the SICLE Marks provide constructive notice of Unilever's claim of ownership under 15 U.S.C. § 1072.

13.     Unilever's federal registrations for POPSICLE THE ORIGINAL BRAND® (and Design) (Reg. No. 1,840,718), POPSICLE® (Reg. No. 2,421,400) and CREAMSICLE® (Reg. No. 1,839,541), are incontestable pursuant to 15 U.S.C. § 1065, and thus provide conclusive evidence of Unilever's exclusive right to use the marks covered by the registrations in commerce in connection with the goods specified in the registrations.

**B.    Defendant's Unlawful Activities.**

14.    Upon information and belief, Defendant is or will be promoting, marketing and selling under the confusingly similar GLOWSICLE designation ("Infringing Mark") products that are directly competitive with the frozen confections long offered under Unilever's SICLE Marks.

15.    Upon information and belief, Defendant is or will be marketing, promoting, and selling under the Infringing Mark the same or substantially similar types, flavors, and styles of frozen confections that Unilever and its predecessors have marketed and sold under the SICLE Marks for eighty years.

16.    Upon information and belief, on or about September 6, 2010, Defendant filed an intent-to-use application to federally register the Infringing Mark (Serial Number 85/123582) for "frozen confections, namely, freezer pops," in International Class 30 ("GLOWSICLE Application").  A copy of the GLOWSICLE Application is attached hereto as Exhibit B.

17.    Upon information and belief, in the GLOWSICLE Application Defendant described the mark as "the wording glowsicle with the i in sicle being a popsicle."

18.    Upon information and belief, Defendant is the owner of the domain name www.glowsicle.com ("GLOWSICLE Domain Name") and of the website corresponding thereto ("GLOWSICLE Website").  A photo of the home page from the GLOWSICLE Website is attached hereto as Exhibit C.

19.    Upon information and belief, Defendant is the owner of a GLOWSICLE page on the Facebook.com website ("GLOWSICLE Facebook Page").  A copy of the current GLOWSICLE Facebook Page is attached hereto as Exhibit D. The GLOWSICLE Domain Name, GLOWSICLE Website and GLOWSICLE Facebook Page are hereafter collectively referred to as the "Infringing Promotional Elements".

20.    For many decades before Defendant filed the GLOWSICLE Application or commenced use of the Infringing Mark and/or the Infringing Promotional

Elements, Unilever and/or the Related Entities had been extensively using, promoting and marketing Unilever's family of famous and federally registered SICLE Marks for frozen confection products.

21.     Moreover, Unilever's SICLE Marks have been federally registered since long before Defendant filed the GLOWSICLE Application to register the Infringing Mark or commenced use of the Infringing Promotional Elements.

22.     Unilever has not consented to or authorized Defendant's use of the Infringing Mark and/or the Infringing Promotional Elements.

23.     Defendant's use of the Infringing Mark and the Infringing Promotional Elements has caused, and is likely to continue to cause confusion, mistake or deception, now and in the future, as to the origin, source, and sponsorship of Defendant's products.

24.     Defendant's actions dilute and are likely to dilute the distinctive qualities of Unilever's famous SICLE Marks.

C.     **Defendant's Unlawful Conduct is Willful and Intentional**

25.     Defendant knew, or should have known, of Unilever's well-established and prior rights and/or federal registrations for Unilever's SICLE Marks for frozen confections and other products before Defendant filed the GLOWSICLE Application and/or adopted and began using the Infringing Mark and the Infringing Promotional Elements for and in connection with his competitive products.

26.     Defendant has continued to use the Infringing Mark and the Infringing Promotional Elements notwithstanding Defendant's actual knowledge of Unilever's prior and exclusive rights to its SICLE Marks, and despite Unilever providing Defendant with written notice of its objections to Defendant's unlawful use of and attempt to register the Infringing Mark and Defendant's unlawful use of the Infringing Promotional Elements and Unilever's demands that Defendant cease the illegal conduct alleged in this complaint.

27.   Defendant's unlawful conduct is and continues to be knowing, deliberate and willful.

28.   As a direct and proximate result of Defendant's unlawful conduct, Unilever has suffered, and will continue to suffer, irreparable injury to its federally registered and famous SICLE Marks and to the goodwill and business reputation associated with its SICLE Marks.  Defendant's unlawful conduct will continue unless enjoined and restrained by this Court.  Unilever has no adequate remedy at law for Defendant's continuing violations of its rights as set forth herein.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

29.   Unilever repeats and realleges paragraphs 1 through 28 above and incorporates them by reference as if fully set forth herein.

30.   Defendant's use of a copy, variation, simulation or colorable imitation of Unilever's registered SICLE Marks infringes Unilever's exclusive rights in the federally registered SICLE Marks, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31.   Defendant has used or intends to use a copy, variation, simulation or colorable imitation of the SICLE Marks with full knowledge of the long and extensive prior use of those marks by Unilever and/or the Related Entities.  Defendant's unlawful conduct is and has been knowing, deliberate and willful.

32.   Defendant's conduct has caused and is causing immediate and irreparable injury to Unilever, and to its goodwill and reputation, and will continue both to damage Unilever and to confuse the public unless enjoined by this Court.  Unilever has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A)(1))

33.     Unilever repeats and realleges paragraphs 1 through 32 above and incorporates them by reference as if fully set forth herein.

34.     Defendant's use of the Infringing Mark and/or the Infringing Promotional Elements is likely to cause confusion, mistake, or deception, and constitutes a false designation of origin, false description and false representation of Defendant's goods and/or services, and a false representation that Defendant's goods and/or services originate with or are sponsored, endorsed, licensed, authorized and/or affiliated or connected with Unilever in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).  Defendant's unlawful conduct is and has been knowing, deliberate and willful.

35.     Defendant's conduct has caused and is causing immediate and irreparable injury to Unilever, and to its goodwill and reputation, and will continue both to damage Unilever and to confuse the public unless enjoined by this Court. Unilever has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c)(1)

36.     Unilever repeats and realleges paragraphs 1 through 35 above and incorporate them by reference as if fully set forth herein.

37.     The SICLE Marks are highly distinctive and have become famous and are uniquely associated with Unilever and its products.

38.     Defendant's above-described actions occurred long after the SICLE Marks acquired fame, and have diluted, will continue to dilute, and/or are likely to dilute, unless restrained, the distinctive quality of the famous SICLE Marks by destroying the exclusive association between those marks and Unilever's goods,

and/or otherwise lessening the capacity of those marks to identify Unilever and its goods exclusively.

39.    Upon information and belief, Defendant's activities, which have been neither sponsored, licensed, nor approved by Unilever, have tarnished, will continue to tarnish, and/or are likely to tarnish, unless restrained, the SICLE Marks by undermining and damaging the goodwill and reputation associated therewith.

40.    Defendant's aforesaid actions are intentional and in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have already caused Unilever irreparable damage and will, unless restrained, continue to so damage Unilever.  Unilever has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## STATE STATUTORY UNFAIR COMPETITION
## (CAL. BUS. & PROF. CODE § 17200)

41.    Unilever repeats and realleges paragraphs 1 through 40 above and incorporates them by reference as if fully set forth herein.

42.    Upon information and belief, Defendant was or should have been aware of Unilever's prior rights in the registered SICLE Marks, and Defendant adopted and used the Infringing Mark and the Infringing Promotional Elements in disregard of Unilever's prior rights and reputation.

43.    Upon information and belief, Defendant has engaged in unlawful practices, unfair methods of competition, and unconscionable, deceptive and unfair trade practices and/or advertising in violation of the California Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 *et seq.*

44.    Upon information and belief, Defendant has engaged in fraudulent business acts and/or practices which are likely to have deceived consumers and will continue to deceive consumers unless restrained.

45.    Defendant's activities are and have been knowing, deliberate and willful and have resulted in the trading upon and misappropriation of Unilever's goodwill and

business reputation at Unilever's expense and at no expense to Defendant.  The effect of Defendant's misappropriation of the goodwill symbolized by the SICLE Marks is to unjustly enrich Defendant, damage Unilever and confuse and/or deceive the public.

46.    Defendant's conduct constitutes unfair competition with Unilever, all of which has caused and will continue to cause irreparable injury to Unilever's goodwill and reputation unless enjoined by this Court, with an award of appropriate restitution granted to Plaintiff.

## FIFTH CLAIM FOR RELIEF
## STATE STATUTORY DILUTION
## (CAL. BUS. & PROF. CODE § 14247)

47.    Unilever repeats and realleges paragraphs 1 through 46 above and incorporates them by reference as if fully set forth herein.

48.    Defendant's incorporation and/or use of a copy, variation, simulation or colorable imitation of the famous and distinctive SICLE Marks has caused and will continue to cause the dilution of the distinctive quality of the SICLE Marks and to injure Unilever's business reputation.

49.    Defendant's incorporation and/or use of a copy, variation, simulation or colorable imitation of the SICLE Marks in connection with goods not controlled or otherwise subject to Unilever's quality control has caused and will likely continue to cause dilution of and/or injury to the reputation of Unilever and the SICLE Marks.

50.    By reason of the foregoing, Unilever is entitled to injunctive relief under Cal. Bus. & Prof. Code § 14247.

51.    Defendant's conduct has caused and will continue to cause irreparable injury to Unilever unless enjoined by this Court.  Unilever has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

52.     Unilever repeats and realleges paragraphs 1 through 51 above and incorporates them by reference as if fully set forth herein.

53.     Upon information and belief, Defendant was aware of Unilever's prior rights, and adopted and used the Infringing Mark and the Infringing Promotional Elements in willful disregard of Unilever's rights.

54.     Upon information and belief, Defendant's use of the Infringing Mark and the Infringing Promotional Elements has resulted in the misappropriation of and trading upon Unilever's goodwill and business reputation at Unilever's expense and at no expense to Defendant.

55.     The effect of Defendant's misappropriation of the goodwill symbolized by the SICLE Marks is to unjustly enrich Defendant, damage Unilever and confuse and/or deceive the public.

56.     Defendant's conduct constitutes unfair competition with Unilever, all of which has caused and will continue to cause irreparable injury to Unilever's goodwill and reputation unless enjoined by this Court.  Unilever has no adequate remedy at law.

WHEREFORE, Unilever demands judgment as follows:

1.     Preliminarily and permanently enjoining Defendant, his employees, agents, attorneys, successors, and assigns, and all those in active concert and participation with Defendant from:

(a)     using and/or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name and/or symbol of origin: GLOWSICLE, any name or mark incorporating SICLE, and/or any other counterfeit, copy, simulation, confusingly similar variation, and/or colorable imitation of Unilever's SICLE Marks, in any manner or form, on or in connection with any

business, products and/or services, and/or in the marketing, advertising and/or promotion of same;

(b)    imitating, copying or making any unauthorized use of Unilever's SICLE Marks and/or any copy, simulation, variation and/or imitation thereof;

(c)    making and/or displaying any statement and/or representation that is likely to lead the public and/or the trade to believe that Defendant and/or the Defendant's products and/or services are in any manner associated and/or affiliated with and/or approved, endorsed, licensed, sponsored, authorized and/or franchised by or are otherwise connected with Unilever;

(d)    Using and/or authorizing any third party to use in connection with the rendering, offering, advertising, and/or promotion of any goods, products, and/or services any false description, false representation, and/or false designation of origin, and/or any marks, names, words, symbols, devices, and/or trade dress which falsely associate such goods, products and/or services with Unilever and/or tend to do so;

(e)    diluting the distinctive quality of Unilever's SICLE Marks;

(f)    registering and/or applying to register as a trademark, service mark, domain name, trade name and/or other source identifier or symbol of origin GLOWSICLE and/or any other name or mark incorporating SICLE, whether alone or in combination with any other words or designs, and/or any other mark, trade dress and/or name that infringes on and/or is likely to be confused with Unilever's SICLE Marks;

(g)    engaging in any other activity constituting unfair competition with Unilever, and/or constituting an infringement of Unilever's SICLE Marks, and/or of Unilever's rights therein; and

(h)    aiding, assisting and/or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (g).

2.    Requiring Defendant to formally abandon with prejudice pending Application Serial No. 85/123582 for the mark GLOWSICLE and/or any other

applications to register any trademark, service mark, and/or trade dress consisting of, containing, and/or confusingly similar to Unilever's SICLE Marks, either alone or in combination with other words and/or designs, and/or to voluntarily cancel with prejudice any registration that may issue from such applications during the pendency of this action.

3.     Directing the Commissioner of Patents and Trademarks to enter an abandonment with prejudice of Defendant's U.S. Trademark Application Serial No. 85/123582.

4.     Requiring Defendant to formally cancel the GLOWSICLE Domain Name, and to formally discontinue and shut down the GLOWSICLE Website and the GLOWSICLE Facebook Page.

5.     Requiring Defendant to identify all distributors, retail establishments and/or wholesale establishments to whom Defendant distributed and/or sold any products bearing the Infringing Mark.

6.     Directing that Defendant deliver for destruction any products, advertisements, and/or other materials in his possession, and/or under his control, incorporating the Infringing Mark, and/or bearing simulations, variations and/or colorable imitations of Unilever's SICLE Marks, used alone and/or in combination with other words and/or designs.

7.     Directing such other relief as the Court may deem appropriate to prevent the trade and/or public from deriving the erroneous impression that any product and/or service manufactured, sold, distributed, licensed and/or otherwise offered, circulated and/or promoted by Defendant is authorized by Unilever and/or related in any way to Unilever's POPSICLE®, CREAMSICLE® and/or FUDGSICLE® products.

8.     Directing that Defendant file with the Court and serve upon Unilever's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

9.      Awarding Unilever such damages as they have sustained and/or will sustain by reason of Defendant's trademark infringement, trademark dilution, and/or unfair competition.

10.      Awarding Unilever all gains, profits, property and/or advantages derived by Defendant from such conduct; and pursuant to 15 U.S.C. § 1107, awarding Unilever an amount up to three times the amount of the actual damages sustained as a result of Defendant's violation of the Lanham Act.

11.      Awarding Unilever exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

12.      Awarding Unilever its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

13.      Awarding Unilever interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Unilever hereby demands a trial by jury pursuant to Rule 38, Federal Rules of Civil Procedure.

Dated: December 21, 2010          **DUANE MORRIS** LLP

By: _____
Yvette D. Roland
Cyndie M. Chang
Attorneys for Plaintiff

# EXHIBIT A

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. **1,840,718**

## United States Patent and Trademark Office

Registered June 21, 1994

## TRADEMARK
### PRINCIPAL REGISTER



POPSICLE INDUSTRIES, INC. (DELAWARE CORPORATION), DBA GOLD BOND-GOOD HUMOR ICE CREAM
909 PACKERLAND DRIVE
GREEN BAY, WI 543079007

FOR: FROZEN CONFECTIONS, IN CLASS 30 (U.S. CL. 46).
FIRST USE 1–1–1988; IN COMMERCE 1–1–1988.

OWNER OF U.S. REG. NOS. 620,040, 1,618,723 AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE ORIGINAL BRAND", APART FROM THE MARK AS SHOWN.

SER. NO. 74–362,545, FILED 2–22–1993.

WILLIAM P. SHANAHAN, EXAMINING ATTORNEY



## United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



### Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 4**

| | |
|---|---|
| **Serial #:** 74362545 | **Filing Dt:** 02/22/1993 |

**Reg #:** 1840718     **Reg. Dt:** 06/21/1994

**Registrant:** Popsicle Industries, Inc.

**Mark:** POPSICLE THE ORIGINAL BRAND

## Assignment: 1

**Reel/Frame:** 1535/0153     **Received:** 12/09/1996     **Recorded:** 11/29/1996     **Pages:** 11

**Conveyance:** MERGER

**Assignor:** POPSICLE INDUSTRIES, INC.     **Exec Dt:** 06/30/1996
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** CONOPCO, INC.     **Entity Type:** CORPORATION
909 PACKERLAND DRIVE     **Citizenship:** NEW YORK
GREEN BAY, WISCONSIN 54307

**Correspondent:** CHESEBROUGH-POND'S USA CO.
K.C. LEONARD
33 BENEDICT PLACE
GREENWICH, CT 06830

## Assignment: 2

**Reel/Frame:** 1583/0416     **Received:** 04/29/1997     **Recorded:** 11/29/1996     **Pages:** 11

**Conveyance:** MERGER

**Assignor:** POPSICLE INDUSTRIES, INC.     **Exec Dt:** 06/30/1996
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** CONOPCO, INC.     **Entity Type:** CORPORATION
909 PACKERLAND DRIVE     **Citizenship:** NEW YORK
GREEN BAY, WISCONSIN 54307

**Correspondent:** CHESEBROUGH-POND'S USA CO.
K.C. LEONARD
33 BENEDICT PLACE
GREENWICH, CT 06830

## Assignment: 3

**Reel/Frame:** 1559/0347     **Received:** 03/05/1997     **Recorded:** 02/05/1997     **Pages:** 7

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** CONOPCO, INC., DBA GOOD HUMOR-BREYERS ICE CREAM     **Exec Dt:** 12/31/1996
**Entity Type:** CORPORATION
**Citizenship:** NEW YORK

**Assignee:** LIPTON INVESTMENTS, INC.     **Entity Type:** CORPORATION
501 SILVERSIDE ROAD     **Citizenship:** DELAWARE
WILMINGTON, DELAWARE 19809

**Correspondent:** CHESEBROUGH-POND'S USA CO.
K.C. LEONARD
33 BENEDICT PLACE
GREENWICH, CT 06830

## Assignment: 4

**Reel/Frame:** 3256/0561     **Received:** 11/17/2005     **Recorded:** 10/27/2005     **Pages:** 7

| | |
|---|---|
| **Conveyance:** CHANGE OF NAME | |
| **Assignor:** LIPTON INVESTMENTS, INC. | **Exec Dt:** 05/07/2005 |
| | **Entity Type:** CORPORATION |
| | **Citizenship:** DELAWARE |
| **Assignee:** UNILEVER SUPPLY CHAIN, INC. | **Entity Type:** DELAWARE |
| 1 JOHN STREET | **Citizenship:** NONE |
| CLINTON, CONNECTICUT 06413 | |
| **Correspondent:** ROWENA DELEON | |
| UNILEVER | |
| 33 BENEDICT PLACE | |
| GREENWICH, CT 06830 | |

Search Results as of: 12/08/2010 03:43 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.1
Web interface last modified: Apr 30, 2009 v.2.1

| HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

Int. Cl.: 30

Prior U.S. Cl.: 46

**Reg. No. 2,421,400**

## United States Patent and Trademark Office

Registered Jan. 16, 2001

### TRADEMARK
### PRINCIPAL REGISTER

## POPSICLE

LIPTON INVESTMENTS, INC. (DELAWARE COR-
PORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: FROZEN CONFECTIONS, IN CLASS 30 (U.S.
CL. 46).

FIRST USE 0–0–1923; IN COMMERCE 0–0–1923.
OWNER OF U.S. REG. NOS. 620,040, 1,175,392
AND OTHERS.

SER. NO. 75–921,375, FILED 2–16–2000.

CYNTHIA CROCKETT, EXAMINING ATTORNEY

USPTO Assignments on the Web  Page 1 of 1



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 1**

| | | | |
|---|---|---|---|
| **Serial #:** 75921375 | **Filing Dt:** 02/16/2000 | **Reg #:** 2421400 | **Reg. Dt:** 01/16/2001 |

**Registrant:** Lipton Investments, Inc.

**Mark:** POPSICLE

**Assignment: 1**

| | | | |
|---|---|---|---|
| **Reel/Frame:** 3256/0561 | **Received:** 11/17/2005 | **Recorded:** 10/27/2005 | **Pages:** 7 |

**Conveyance:** CHANGE OF NAME

**Assignor:** LIPTON INVESTMENTS, INC.

**Exec Dt:** 05/07/2005
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** UNILEVER SUPPLY CHAIN, INC.
1 JOHN STREET
CLINTON, CONNECTICUT 06413

**Entity Type:** DELAWARE
**Citizenship:** NONE

**Correspondent:** ROWENA DELEON
UNILEVER
33 BENEDICT PLACE
GREENWICH, CT 06830

Search Results as of: 12/08/2010 03:42 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.1
Web interface last modified: Apr 30, 2009 v.2.1

| HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT |

Registered Nov. 25, 1947

**Trade-Mark 434,594**

# UNITED STATES PATENT OFFICE

Joe Lowe Corporation, New York, N. Y.

### Act of February 20, 1905

**Application November 9, 1946, Serial No. 512,333**

# FUDGSICLE

## STATEMENT

*To the Commissioner of Patents:*

Joe Lowe Corporation, a corporation duly organized under the laws of the State of Delaware, located and doing business at No. 601 West 26th Street, New York 1, New York, has adopted and used the trade-mark shown on the accompanying drawing, for FROZEN CONFECTIONS AND POWDERED CONCENTRATES FOR MAKING THE SAME, in Class 46, Foods and ingredients of foods, and presents herewith five specimens showing the trade-mark as actually used by the applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905, as amended. The trade-mark has been continuously used on frozen confections since October 2, 1946, and on concentrates since October 4, 1946.

The trade-mark is applied or affixed to the goods, or to the packages containing the same, by placing thereon a printed label on which the trade-mark is shown, or by imprinting, stenciling, or otherwise stamping the trade-mark on bags, wrappers and/or boxes containing the goods.

Applicant is the owner and proprietor of prior trade-mark registrations numbers: 219,744, issued October 26, 1926; 288,393, issued October 27, 1931; 288,507, issued October 27, 1931; 301,067, issued February 14, 1933; 301,334, issued February 28, 1933; 301,335, issued February 28, 1933; 303,400, issued May 23, 1933; 303,401, issued May 23, 1933; 304,006, issued June 13, 1933; 304,316, issued June 27, 1933; 312,475, issued May 1, 1934; 341,719, issued December 22, 1936; 342,262, issued January 12, 1937; 347,885, issued July 13, 1937; 347,963, issued July 13, 1937; 348,492, issued July 27, 1937; 354,357, issued February 8, 1938; 354,358, issued February 8, 1938; 354,936, issued March 1, 1938; 354,937, issued March 1, 1938; 360,365, issued September 13, 1938; 360,862, issued September 27, 1938; 362,419, issued November 15, 1938; 362,994, issued December 6, 1938; 363,907, issued January 10, 1939; 367,865, issued May 30, 1939; 367,866, issued May 30, 1939; 368,870, issued July 4, 1939; 368,871, issued July 4, 1939; 373,829, issued December 26, 1939; 374,209, issued January 2, 1940, and 379,152, issued July 2, 1940.

JOE LOWE CORPORATION,
By MORRIS DAVIS,
*Vice President.*



### United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 10**

**Serial #:** 71512333    **Filing Dt:** 11/09/1946    **Reg #:** 434594    **Reg. Dt:** 11/25/1947

**Registrant:** JOE LOWE CORPORATION

**Mark:** FUDGSICLE

### Assignment: 1

**Reel/Frame:** 0129/0004    **Received:**    **Recorded:** 09/01/1965    **Pages:** 11

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

**Assignor:** LOWE, JOE, CORPORATION

     **Exec Dt:** 08/30/1965
     **Entity Type:** CORPORATION
     **Citizenship:** DELAWARE

**Assignee:** CONSOLIDATED FOODS CORPORATION

**DBA/AKA/TA:** DBA JOE LOWE COMPANY

135 S. LA SALLE ST.

CHICAGO, ILLINOIS 60603

     **Entity Type:** CORPORATION
     **Citizenship:** MARYLAND

**Correspondent:** RICHARD J. COWLING

12 RIDGE ROAD

TENAFLY, NJ

### Assignment: 2

**Reel/Frame:** 0364/0243    **Received:**    **Recorded:** 02/08/1980    **Pages:** 12

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOOD WILL EFFECTIVE AS OF DEC. 31, 1978.

**Assignor:** CONSOLIDATED FOODS CORPORATION

     **Exec Dt:** 01/16/1980
     **Entity Type:** CORPORATION
     **Citizenship:** MARYLAND

**Assignee:** POPSICLE INDUSTRIES, INC.

110 ROUTE 4

ENGLEWOOD, NEW JERSEY 07631

     **Entity Type:** CORPORATION
     **Citizenship:** DELAWARE

**Correspondent:** SEIDEL, GONDA, ET AL.

SUITE 600, THREE PENN CENTER PLAZA

PHILADELPHIA, PA 19102

### Assignment: 3

**Reel/Frame:** 0576/0754    **Received:**    **Recorded:** 06/15/1987    **Pages:** 0

**Conveyance:** SECURITY INTEREST

**Assignor:** POPSICLE INDUSTRIES, INC.

     **Exec Dt:** 06/02/1987
     **Entity Type:** CORPORATION
     **Citizenship:** DELAWARE

**Assignees:** NORWEST BANK MINNEAPOLIS, NATIONAL ASSOCIATION

     **Entity Type:** UNKNOWN
     **Citizenship:** NONE

MARINE BANK, NATIONAL ASSOCIATION

     **Entity Type:** UNKNOWN
     **Citizenship:** NONE

FIRST INTERSTATE BANK OF WISCONSIN

     **Entity Type:** UNKNOWN
     **Citizenship:** NONE

AUSTRALIA AND NEW ZEALAND BANKING GROUP LIMITED

     **Entity Type:** UNKNOWN
     **Citizenship:** NONE

**Correspondent:** MINAHAN & PETERSON

SUITE 2200
411 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202-4499

## Assignment: 4

| Reel/Frame: 0652/0107 | Received: | Recorded: 04/28/1989 | Pages: 0 |
|---|---|---|---|

**Conveyance:** SECURITY INTEREST

**Assignor:** POPSICLE INDUSTRIES, INC.
**Exec Dt:** 04/26/1989
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** LASALLE NATIONAL BANK, AS TRUSTEE FOR SECURED PARTIES
**Entity Type:** UNKNOWN
**Citizenship:** NONE

**Correspondent:** CHAPMAN AND CUTLER
111 WEST MONROE STREET
CHICAGO, IL 60603

## Assignment: 5

| Reel/Frame: 0705/0063 | Received: | Recorded: 03/12/1990 | Pages: 0 |
|---|---|---|---|

**Conveyance:** RELEASE BY SECURED PARTY OF THE SECURITY AGREEMENT RECORDED ON JUNE 15, 1987; AT REEL 0576, FRAMES 754-760

**Assignors:** NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION
**Formerly:** FORMERLY NORWEST BANK MINNEAPOLIS, NATIONAL ASSOCIATION
**Exec Dt:** 05/26/1989
**Entity Type:** UNKNOWN
**Citizenship:** NONE

BANK ONE, MILWAUKEE, NATIONAL ASSOCIATION
**Formerly:** FORMERLY MARINE BANK, NATIONAL ASSOCIATION
**Exec Dt:** 00/00/0000
**Entity Type:** UNKNOWN
**Citizenship:** NONE

FIRST INTERSTATE BANK OF WISCONSIN
**Exec Dt:** 00/00/0000
**Entity Type:** UNKNOWN
**Citizenship:** NONE

AUSTRALIA AND NEW ZEALAND BANKING GROUP LIMITED, CHICAGO BRANCH
**Exec Dt:** 00/00/0000
**Entity Type:** UNKNOWN
**Citizenship:** NONE

**Assignee:** POPSICLE INDUSTRIES, INC.
**Entity Type:** UNKNOWN
**Citizenship:** NONE

**Correspondent:** GODFREY & KAHN, S.C.-GEORGE G. GRIGEL
780 NORTH WATER STREET
MILWAUKEE, WI 53202-3590

## Assignment: 6

| Reel/Frame: 0699/0700 | Received: | Recorded: 03/19/1990 | Pages: 0 |
|---|---|---|---|

**Conveyance:** RELEASE BY SECURED PARTY OF THE SECURITY AGREEMENT RECORDED ON APRIL 28, 1989, AT REEL 652, FRAME 107.

**Assignor:** LASALLE NATIONAL BANK, AS TRUSTEE FOR MORTGAGEES
**Exec Dt:** 05/30/1989
**Entity Type:** UNKNOWN
**Citizenship:** NONE

**Assignee:** POPSICLE INDUSTRIES, INC.
**Entity Type:** UNKNOWN
**Citizenship:** NONE

**Correspondent:**

## Assignment: 7

| Reel/Frame: 1535/0153 | Received: 12/09/1996 | Recorded: 11/29/1996 | Pages: 11 |
|---|---|---|---|

**Conveyance:** MERGER

**Assignor:** POPSICLE INDUSTRIES, INC.
**Exec Dt:** 06/30/1996
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** CONOPCO, INC.
909 PACKERLAND DRIVE
**Entity Type:** CORPORATION

GREEN BAY, WISCONSIN 54307

**Citizenship:** NEW YORK

**Correspondent:** CHESEBROUGH-POND'S USA CO.
K.C. LEONARD
33 BENEDICT PLACE
GREENWICH, CT 06830

## Assignment: 8

**Reel/Frame:** 1583/0416     **Received:** 04/29/1997     **Recorded:** 11/29/1996     **Pages:** 11

**Conveyance:** MERGER

**Assignor:** POPSICLE INDUSTRIES, INC.     **Exec Dt:** 06/30/1996
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** CONOPCO, INC.     **Entity Type:** CORPORATION
909 PACKERLAND DRIVE     **Citizenship:** NEW YORK
GREEN BAY, WISCONSIN 54307

**Correspondent:** CHESEBROUGH-POND'S USA CO.
K.C. LEONARD
33 BENEDICT PLACE
GREENWICH, CT 06830

## Assignment: 9

**Reel/Frame:** 1559/0347     **Received:** 03/05/1997     **Recorded:** 02/05/1997     **Pages:** 7

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** CONOPCO, INC., DBA GOOD HUMOR-BREYERS ICE CREAM     **Exec Dt:** 12/31/1996
**Entity Type:** CORPORATION
**Citizenship:** NEW YORK

**Assignee:** LIPTON INVESTMENTS, INC.     **Entity Type:** CORPORATION
501 SILVERSIDE ROAD     **Citizenship:** DELAWARE
WILMINGTON, DELAWARE 19809

**Correspondent:** CHESEBROUGH-POND'S USA CO.
K.C. LEONARD
33 BENEDICT PLACE
GREENWICH, CT 06830

## Assignment: 10

**Reel/Frame:** 3256/0561     **Received:** 11/17/2005     **Recorded:** 10/27/2005     **Pages:** 7

**Conveyance:** CHANGE OF NAME

**Assignor:** LIPTON INVESTMENTS, INC.     **Exec Dt:** 05/07/2005
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** UNILEVER SUPPLY CHAIN, INC.     **Entity Type:** DELAWARE
1 JOHN STREET     **Citizenship:** NONE
CLINTON, CONNECTICUT 06413

**Correspondent:** ROWENA DELEON
UNILEVER
33 BENEDICT PLACE
GREENWICH, CT 06830

Search Results as of: 12/08/2010 03:43 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.1
Web interface last modified: Apr 30, 2009 v.2.1

| HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 1,839,541
Registered June 14, 1994

## TRADEMARK
### PRINCIPAL REGISTER

## CREAMSICLE

POPSICLE INDUSTRIES, INC. (DELAWARE CORPORATION), DBA GOLD BOND-GOOD HUMOR ICE CREAM
909 PACKERLAND DRIVE
GREEN BAY, WI 543079007

FOR: FROZEN CONFECTIONS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1–15–1937; IN COMMERCE 1–15–1937.
OWNER OF U.S. REG. NO. 608,807.

SER. NO. 74–362,544, FILED 2–22–1993.

WILLIAM P. SHANAHAN, EXAMINING AT-TORNEY

USPTO Assignments on the Web





**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 4**

**Serial #:** 74362544    **Filing Dt:** 02/22/1993    **Reg #:** 1839541    **Reg. Dt:** 06/14/1994

**Registrant:** Popsicle Industries, Inc.

**Mark:** CREAMSICLE

### Assignment: 1

**Reel/Frame:** 1535/0153    **Received:** 12/09/1996    **Recorded:** 11/29/1996    **Pages:** 11

**Conveyance:** MERGER

**Assignor:** POPSICLE INDUSTRIES, INC.     **Exec Dt:** 06/30/1996
    **Entity Type:** CORPORATION
    **Citizenship:** DELAWARE

**Assignee:** CONOPCO, INC.     **Entity Type:** CORPORATION
    909 PACKERLAND DRIVE     **Citizenship:** NEW YORK
    GREEN BAY, WISCONSIN 54307

**Correspondent:** CHESEBROUGH-POND'S USA CO.
    K.C. LEONARD
    33 BENEDICT PLACE
    GREENWICH, CT 06830

### Assignment: 2

**Reel/Frame:** 1583/0416    **Received:** 04/29/1997    **Recorded:** 11/29/1996    **Pages:** 11

**Conveyance:** MERGER

**Assignor:** POPSICLE INDUSTRIES, INC.     **Exec Dt:** 06/30/1996
    **Entity Type:** CORPORATION
    **Citizenship:** DELAWARE

**Assignee:** CONOPCO, INC.     **Entity Type:** CORPORATION
    909 PACKERLAND DRIVE     **Citizenship:** NEW YORK
    GREEN BAY, WISCONSIN 54307

**Correspondent:** CHESEBROUGH-POND'S USA CO.
    K.C. LEONARD
    33 BENEDICT PLACE
    GREENWICH, CT 06830

### Assignment: 3

**Reel/Frame:** 1559/0347    **Received:** 03/05/1997    **Recorded:** 02/05/1997    **Pages:** 7

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** CONOPCO, INC., DBA GOOD HUMOR-BREYERS ICE CREAM     **Exec Dt:** 12/31/1996
    **Entity Type:** CORPORATION
    **Citizenship:** NEW YORK

**Assignee:** LIPTON INVESTMENTS, INC.     **Entity Type:** CORPORATION
    501 SILVERSIDE ROAD     **Citizenship:** DELAWARE
    WILMINGTON, DELAWARE 19809

**Correspondent:** CHESEBROUGH-POND'S USA CO.
    K.C. LEONARD
    33 BENEDICT PLACE
    GREENWICH, CT 06830

### Assignment: 4

**Reel/Frame:** 3256/0561    **Received:** 11/17/2005    **Recorded:** 10/27/2005    **Pages:** 7

**Conveyance:** CHANGE OF NAME
**Assignor:** LIPTON INVESTMENTS, INC.

**Exec Dt:** 05/07/2005
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** UNILEVER SUPPLY CHAIN, INC.
1 JOHN STREET
CLINTON, CONNECTICUT 06413

**Entity Type:** DELAWARE
**Citizenship:** NONE

**Correspondent:** ROWENA DELEON
UNILEVER
33 BENEDICT PLACE
GREENWICH, CT 06830

Search Results as of: 12/08/2010 03:44 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.1
Web interface last modified: Apr 30, 2009 v.2.1

| HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 3,178,063

Registered Nov. 28, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# CHOCSICLE

UNILEVER SUPPLY CHAIN, INC. (DELAWARE CORPORATION)

1 JOHN STREET

CLINTON, CT 06413

FOR: FROZEN CONFECTIONS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-0-2005; IN COMMERCE 2-0-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 528,830 AND 593,672.

SN 78-513,947, FILED 11-9-2004.

LESLEY LAMOTHE, EXAMINING ATTORNEY

# EXHIBIT B

PTO Form 14/8 (Rev 9/2006)
OMB No. 0851-6009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 85123582**
**Filing Date: 09/06/2010**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| TEAS Plus | YES |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT11\IMAGEOUT 11\851\235\85123582\xml1\ FTK0002.JPG |
| *SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | Glowsicle |
| *COLOR MARK | YES |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of it is the wording glowsicle with the i in sicle being a popsicle. |
| *COLOR(S) CLAIMED (If applicable) | The color(s) the word glow is a pink color and the word sicle and popsicle are a blue and are outline in black is/are claimed as a feature of the mark. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 900 x 600 |
| REGISTER | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | John Antony Ueland Caglia |
| *STREET | 34098 Ladyfern Ct |

| | |
|---|---|
| *CITY | Lake Elsionore |
| *STATE<br>(Required for U.S. applicants) | California |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE<br>(Required for U.S. applicants only) | 92532 |
| PHONE | 714 883 9092 |
| EMAIL ADDRESS | johncaglia@glowsicle.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## LEGAL ENTITY INFORMATION

| | |
|---|---|
| *TYPE | INDIVIDUAL |
| * COUNTRY OF CITIZENSHIP | United States |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| | |
|---|---|
| *INTERNATIONAL CLASS | 030 |
| IDENTIFICATION | Frozen confections, namely, freezer pops |
| *FILING BASIS | SECTION 1(b) |

## ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| *TRANSLATION<br>(if applicable) | |
| *TRANSLITERATION<br>(if applicable) | |
| *CLAIMED PRIOR REGISTRATION<br>(if applicable) | |
| *CONSENT (NAME/LIKENESS)<br>(if applicable) | |
| *CONCURRENT USE CLAIM<br>(if applicable) | |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| *NAME | John Antony Ueland Caglia |
| *STREET | 34098 Ladyfern Ct |
| *CITY | Lake Elsionore |
| *STATE | California |

| | |
|---|---|
| (Required for U.S. applicants) | |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 92532 |
| PHONE | 714 883 9092 |
| *EMAIL ADDRESS | johncaglia@glowsicle.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| FEE INFORMATION | |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| *TOTAL FEE PAID | 275 |
| SIGNATURE INFORMATION | |
| * SIGNATURE | /john caglia/ |
| * SIGNATORY'S NAME | John Caglia |
| * SIGNATORY'S POSITION | Owner |
| * DATE SIGNED | 09/06/2010 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

### Serial Number: 85123582
### Filing Date: 09/06/2010

## To the Commissioner for Trademarks:

~~MARK: Glowsicle (stylized and/or with design, see mark)~~

The literal element of the mark consists of Glowsicle.
The color(s) the word glow is a pink color and the word sicle and popsicle are a blue and are outline in

black is/are claimed as a feature of the mark. The mark consists of it is the wording glowsicle with the i in sicle being a popsicle.

The applicant, John Antony Ueland Caglia, a citizen of United States, having an address of

34098 Ladyfern Ct
Lake Elsionore, California 92532
United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**

International Class 030:  Frozen confections, namely, freezer pops

Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

Correspondence Information: John Antony Ueland Caglia

34098 Ladyfern Ct
Lake Elsionore, California 92532
714 883 9092(phone)
johncaglia@glowsicle.com (authorized)

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /john caglia/   Date Signed: 09/06/2010

Signatory's Name: John Caglia
Signatory's Position: Owner


RAM Sale Number: 6356
RAM Accounting Date: 09/07/2010

Serial Number: 85123582
Internet Transmission Date: Mon Sep 06 14:21:29 EDT 2010
TEAS Stamp: USPTO/FTK-72.67.50.40-201009061421298221
42-85123582-4705b37dc71fdf9da62e18657fbe
de73a87-CC-6356-20100906135804054887



# EXHIBIT C

Glowsicle



Contact Us    Like  101

Copyright © 2010 | www.Glowsicle.com | All Rights Reserved

# EXHIBIT D

Glowsicle | Facebook



Email          Password          Login

Sign Up   **Glowsicle is on Facebook**
Sign up for Facebook to connect with Glowsicle.



Our mission is to bring smiles to the
children of the world.

**Information**

Founded:
2010

**101 People Like This**

  
Genelle    Amber    Tracy
Fink       Osborne  Pallares

 
Coleen     Cindi Perez   Bernadine
Hyams                     DeJonge

**Photos**
2 of 4 albums          See All

   **IAAPA 2010**
Created about 2
weeks ago

   **Glowsicle**
Created about 2
months ago

Create a Page for My Business
Report Page

**Glowsicle**   Like

Wall    Info    Photos    Discussions

Glowsicle + Others    Just Glowsicle    Just Others

   **Glowsicle**

  

**IAAPA 2010**
5 new photos
November 19 at 1:16pm · Like · Comment

   **Glowsicle** Had a blast at the IAAPA in Florida !!! See you next year!!!
November 19 at 1:14pm · Like · Comment

   **Glowsicle**

Glowsicle | Facebook

 **Glowsicle**

September 29 at 9:46pm · Like · Comment

 **Jodie Stanton Boyko** where can you get them already?????
September 30 at 9:04am · Flag

 **Alisha Caglia** You can't yet!!
September 30 at 11:47am · Flag

 **Glowsicle** Thats a trade secret. But you will soon find out. Watch for
them in your favorite amusement park!!!!
September 30 at 2:02pm · Flag

✎ Glowsicle edited their Founded, Website and Company Overview.

Glowsicle joined Facebook.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 9851 SVW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Yvette D. Roland (SBN120311)
Cyndie M. Chang (SBN227542)
DUANE MORRIS LLP
865 So. Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Tel:  213.689.7400
Fax:  213.689.7401

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNILEVER SUPPLY CHAIN, INC.

PLAINTIFF(S)

v.

JOHN ANTONY UELAND CAGLIA,

DEFENDANT(S).

CASE NUMBER

**CV10 · 09851** SVW(PJWx)

**SUMMONS**

TO:DEFENDANT(S): <u>JOHN ANTONY UELAND CAGLIA</u>

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Yvette D. Roland/Cyndie M. Chang</u>, whose address is 865 <u>So. Figueroa Street, Suite 3100, Los Angeles, California  90017</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **DEC 2 1 2010**

By: _____
    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

SUMMONS

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNILEVER SUPPLY CHAIN, INC.

**DEFENDANTS**
JOHN ANTONY UELAND CAGLIA

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Yvette D. Roland (SBN120311)
Cyndie M. Chang (SBN227542)
DUANE MORRIS LLP
865 So. Figueroa St., Suite 3100, Los Angeles, CA 90017-5450
Tel: 213.689.7400; Fax: 213.689.7401

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R.& Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV10·09851

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) — CIVIL COVER SHEET — Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Incorporated in Delaware, Principal place of business in Connecticut. |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date December 21, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                       **CIVIL COVER SHEET**                                       Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com