
FILED

John Anthony Ueland Caglia
34098 Ladyfern Court
Lake Elsinore, California 92532
johncaglia@glowsicle.com
(714) 883-9092

2011 FEB 24  PM 2: 52

In Propria Persona

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC.<br><br>Plaintiff.<br><br>v.<br><br>JOHN ANTHONY UELAND CAGLIA and<br><br>Glowsicle, LLC<br><br>Defendant. | Case No.: CV10-09851 SVW(PJWx)<br><br>DEFENDANT JOHN ANTHONY UELAND CAGLIA'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; AND COUNTERCLAIMS FOR:<br><br>(1) CANCELLATION OF TRADEMARK REGISTRATION (15 U.S.C. § 1119);<br><br>(2) DECLARATORY RELIEF (28 U.S.C. § 2201);<br><br>(3) CANCELLATION OF TRADEMARK REGISTRATION (15 U.S.C. § 1119); AND<br><br>(4) DECLARATORY RELIEF (28 U.S.C. § 2201) |

## **ANSWER**

Defendant John Anthony Ueland Caglia (henceforth "Caglia"), on behalf of himself and no other defendants, in answering the First Amended Complaint of plaintiff Unilever Supply Chain Inc. ("Unilever"), denies, avers and admits as follows:

1. Paragraph 1 purports to summarize Unilever's claims and does not require a response.

2. Paragraph 2 purports to summarize Unilever's relief sought and does not require a response.

## PARTIES

3. The allegation that the "SICLE Marks" are "famous" sets forth a legal conclusion to which no response is required. In any event, Caglia disagrees with the legal conclusion and on that basis denies the allegation. With respect to the remainder of paragraph 3, Caglia lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

4. Admitted.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Admitted, though Caglia reserves all rights to seek to have the Court decline jurisdiction over state-law claims.

8. Admitted.

9. Admitted, although Glowsicle LLC is not currently an active company.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Caglia lacks knowledge or information sufficient to form a belief as to the truth of all allegations and on that basis denies the allegations. Further, Caglia expressly denies the allegation that Unilever currently owns a federal registration in the mark SUPERSICLE, which registration has been cancelled by the United States Patent and Trademark Office ("USPTO").

11. Caglia lacks knowledge or information sufficient to form a belief as to the truth of all allegations and on that basis denies the allegations.

12. Caglia lacks knowledge or information sufficient to form a belief as to the truth of that allegation that "POPSICLE® brand frozen confections are the number one kids frozen

novelty brand in the United States" and on that basis denies the allegation. With respect to the remainder of paragraph 12, Caglia denies all allegations.

13. The allegation that the "SICLE Marks" are "famous" sets forth a legal conclusion to which no response is required. In any event, Caglia disagrees with the legal conclusion and on that basis denies the allegation. With respect to the remainder of paragraph 13, Caglia denies all allegations.

14. Caglia admits that trademark registrations were issued by the USPTO for the marks enumerated in subparagraphs 14(a)-14(f), bearing the registration numbers enumerated in subparagraphs 14(a)-14(f), on the registration dates enumerated in subparagraphs 14(a)-14(f). Caglia admits that Unilever has filed an application for a trademark as indicated in subparagraph 14(g), after Caglia filed his application for GLOWSICLE. Other than as expressly admitted, Caglia lacks knowledge or information sufficient to form a belief as to the truth of all other allegations and on that basis denies them.

15. Paragraph 15 sets forth a legal conclusion to which no response is required. In any event, Caglia disagrees with the legal conclusion and on that basis denies the allegations.

16. Paragraph 16 sets forth a legal conclusion to which no response is required. In any event, Caglia disagrees with the legal conclusion and on that basis denies the allegations.

17. Admitted.

18. Denied.

19. Caglia admits that he is or will be promoting, marketing and selling frozen confections under the mark GLOWSICLE, which products may compete with some of Unilever's products. Other than as expressly admitted, Caglia denies all remaining allegations.

20. Caglia admits that he is or will be promoting, marketing and selling frozen confections under the mark GLOWSICLE, which products may have the same or substantially similar types, flavors and styles as those of Unilever's products, except Caglia's products glow in the dark. Other than as expressly admitted, Caglia denies all remaining allegations.

21. Admitted.

22. Admitted.

23. Caglia admits that he owns and operates the domain name and website www.glowsicle.com. Other than as expressly admitted, Caglia denies all remaining allegations.

24. Admitted.

25. The allegation that the "SICLE Marks" are "famous" sets forth a legal conclusion to which no response is required. In any event, Caglia disagrees with the legal conclusion and on that basis denies the allegation. With respect to the remainder of paragraph 25, Caglia lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

26. Caglia lacks knowledge or information sufficient to form a belief as to the truth of all allegations and on that basis denies the allegations.

27. This paragraph is predicated on the false premise that Caglia needs Unilever's permission before using the listed terms. Caglia admits that he did not seek such unnecessary permission before using the terms.

28. Denied.

29. Denied.

30. Denied.

31. Caglia admits that Unilever has provided notice of its legal position and has demanded that Caglia cease using the GLOWSICLE mark. Caglia further admits that notwithstanding such demands Caglia continues to use the mark GLOWSICLE. Other than as expressly admitted, Caglia denies all remaining allegations.

32. Denied.

33. Denied.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

34. Caglia adopts and incorporates by reference its responses to paragraphs 1-33, above, as if set forth in full herein.

35. Denied.

36. Denied.

37. Denied.

## SECOND CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORGIN (15 U.S.C. § 1125(A)(1))

38. Caglia adopts and incorporates by reference its responses to paragraphs 1-37, above, as if set forth in full herein.

39. Denied.

40. Denied.

## THIRD CLAIM FOR RELIEF

## FEDERAL TRADEMARK DILLUTION (15 U.S.C. § 1125(c)(1))

41. Caglia adopts and incorporates by reference its responses to paragraphs 1-40, above, as if set forth in full herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## FOURTH CLAIM FOR RELIEF

## STATE STATUTORY UNFAIR COMPETITION

## (CAL BUS & PROF CODE § 17200)

46. Caglia adopts and incorporates by reference its responses to paragraphs 1-45, above, as if set forth in full herein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## FIFTH CLAIM FOR RELIEF

## STATE STATUTORY DILUTION

<u>(CAL BUS & PROF CODE § 14247)</u>

52. Caglia adopts and incorporates by reference its responses to paragraphs 1-51, above, as if set forth in full herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

<u>SIXTH CLAIM FOR RELIEF</u>

<u>COMMON LAW UNFAIR COMPETITION</u>

57. Caglia adopts and incorporates by reference its responses to paragraphs 1-56, above, as if set forth in full herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

<u>PRAYER FOR RELIEF</u>

This section includes no factual allegations and thus requires no response.

<u>JURY DEMAND</u>

This section includes no factual allegations and thus requires no response.

**<u>AFFIRMATIVE DEFENSES</u>**

Caglia asserts the following affirmative defenses. To the extent any of the defenses, in whole or in part, serve merely to negate an element of Unilever's claims, Caglia in no way seeks to relieve Unilever of its burden of proof or persuasion on that element.

<u>FIRST AFFIRMATIVE DEFENSE</u>

62. The Complaint fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

63. The letter string "SICLE" is merely descriptive, highly diluted, and thus weak. Accordingly, Unilever's purported rights extend no further than to the specific marks that

Unilever alleges that it owns and are insufficient to constitute a distinctive family feature that would give rise to a family of trademarks.

### THIRD AFFIRMATIVE DEFENSE

64. The scope of Unilever's rights in and to the marks, if any, is not broad enough to preclude Caglia's use of the trademarks at issue.

### FOURTH AFFIRMATIVE DEFENSE

65. Caglia's GLOWSICLE mark is not the same as or confusingly similar to Unilever's asserted POPSICLE, FUDGSICLE, CREAMSICLE, CHOCSICLE marks, either in terms of connotation, appearance and/or pronunciation, and therefore confusion is unlikely to arise between Caglia's mark and the asserted marks of Unilever.

### FIFTH AFFIRMATIVE DEFENSE

66. The asserted marks of Unilever are not famous and distinctive, as required by 15 U.S.C. § 1125 and Cal Bus. & Prof. Code § 14247.

### SIXTH AFFIRMATIVE DEFENSE

67. The term "popsicle" is a common, generic term widely used by frozen confectioners, retailers, the media and the general public to refer to flavored frozen confections that come on a stick.

### SEVENTH AFFIRMATIVE DEFENSE

68. Caglia's use of the term GLOWSICLE in association with his products and services was in good faith and without intent to infringe on Unilever's marks, to dilute Unilever's marks, or to unfairly complete with Unilever.

### EIGHTH AFFIRMATIVE DEFENSE

69. Unilever's claims and/or damages, if any, are limited by Caglia's innocent intent.

### NINETH AFFIRMATIVE DEFENSE

70. Unilever is estopped by its own actions and conduct from obtaining any relief.

### TENTH AFFIRMATIVE DEFENSE

71. Unilever's claims are barred by the doctrine of unclean hands as a result of Unilever's own actions and conduct.

ELEVENTH AFFIRMATIVE DEFENSE

72.     Unilever's claims and Complaint are barred in whole or in part because Unilever failed to mitigate its claims through arbitration, good faith and fair dealing, honest business practices, clear and reasonable communication and other means.

TWELVETH AFFIRMATIVE DEFENSE

73.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Caglia for any alleged single wrong.

THIRTEENTH AFFIRMATIVE DEFENSE

74.     The alleged injury or damage suffered by Unilever, if any, would be adequately compensated by damages. Accordingly, Unilever has a complete and adequate remedy at law and is not entitled to seek equitable relief.

ADDITIONAL DEFENSES

75.     Caglia reserves the right to assert any other such affirmative defenses in the event that further investigation and discovery indicates that they are proper.

**COUNTERCLAIMS**

76.     Caglia repeats and re-alleges the answers set forth in paragraphs 1-75 above to the allegations of the Complaint.

77.     This action arises from the allegations recently launched by Unilever that it has the exclusive right to use the term "popsicle". Unilever does not have such an exclusive right. The consuming public has already adopted "popsicle" as a generic term for flavored frozen confections that come on a stick. It is well established that "popsicle" does not operate to identify a single source or brand of any such frozen confections. Unilever's allegations therefore fail. Moreover, Unilever's (currently) existing trademark registration for the term "popsicle" cannot resuscitate its alleged rights in a generic term. Accordingly, the court should cancel Unilever's trademark registration for the term "popsicle".

78.     Additionally, Unilever has asserted that it has the exclusive right to the suffixes "sicle" and impliedly "icle". Unilever does not have the exclusive right to these terms either.

Unilever seeks to enforce these purported rights without a registration for either. The letter strings "sicle" and "icle" are merely descriptive, highly diluted, and very weak. As such, Unilever's purported rights extend no further than to the specific marks that Unilever alleges that it owns. While Unilever purports to own several "sicle" and icle" marks; the court should cancel many of such registrations, including "popsicle" (for generic-ness) and "chocsicle" (for fraud on the USPTO), and the remaining marks are insufficient to constitute a distinctive family feature that would give rise to a family of trademarks. Accordingly, the court should declare that Unilever has no exclusive rights to the terms "sicle" and "icle", and that Caglia's use of "glowsicle" is lawful and not infringing Unilever.

## PARTIES

79. Caglia is an, an individual residing at 34098 Ladyfern Court, Lake Elsinore, California 92532.

80. Glowsicle LLC is a Nevada limited liability company, owned and managed by Caglia, with a principal place of business in Las Vegas, Nevada 89107. Glowsicle LLC is not currently an active company.

81. Upon information and belief, Unilever is a Delaware corporation, with its principal place of business in Clinton, Connecticut 06413.

## JURISDICTION

82. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 2201. Caglia's claims are in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq*.

## FIRST COUNTERCLAIM
## CANCELLATION OF TRADEMARK REGISTRATION FOR POPSICLE
## (15 U.S.C. § 1119)

83. Caglia repeats and re-alleges its answers and allegations set forth in paragraphs 1-82 above.

84. Unilever purports to be the owner of the following trademark registrations (the "Popsicle Registrations") for the following marks (the "Popsicle Marks") for use in International Class 030.

| Registration No. | Mark |
|---|---|
| 2,421,400 | POPSICLE |
| 2,668,524 | POPSICLE |
| 1,840,718 | POPSICLE THE ORIGINAL BRAND (the right to use "THE ORIGINAL BRAND" apart from the mark was disclaimed) |
| 2,651,685 | THE ORIGINAL BRAND POPSICLE (the right to use "THE ORIGINAL BRAND" apart from the mark was disclaimed) |

85. Upon information and belief, for at least twenty five years, the term "popsicle" has been used widely as a generic, descriptive term for flavored frozen confections that come on a stick. Far from being unique to a particular company, "popsicle" is a term of general meaning, referring to flavored and colored water frozen on a stick.

86. Upon information and belief, numerous companies sell or make available "popsicles", or "popsicle" making apparatuses.

87. Upon information and belief, the term "popsicle" is not associated by the public with any particular source, much less with Unilever.

88. As detailed above, the Popsicle Marks do not serve to identify Unilever as the source of goods or services offered under the Popsicle Marks. Thus, the Popsicle Registrations are invalid under 15 U.S.C. §§ 1052(e), 1115(b)(4), 1115(b)(8) and/or 1064(3) and should be cancelled.

89. The allegations contained in the Complaint filed by Unilever in the instant action are injurious to Caglia within the meaning of 15 U.S.C. §1064(3), and Caglia will be damaged if the Popsicle Registrations are not cancelled.

90. This Court, pursuant to its authority under 15 U.S.C. §1119 to order cancellation of trademark registration and otherwise rectify the U.S. trademark register with respect to the registration of any party to an action before it, should order cancellation of the Popsicle Registrations.

## SECOND COUNTERCLAIM

## DECLARATORY RELIEF: UNILEVER HAS NO EXCLUSIVE RIGHTS TO ICLE OR SICLE

## (28 U.S.C. § 2201)

91. Caglia repeats and re-alleges its answers and allegations set forth in paragraphs 1-90 above.

92. The Merriam-Webster dictionary defines icicle as "a pendent mass of ice formed by the freezing of dripping water." (http://www.merriam-webster.com/dictionary/icicle).

93. Upon information and belief, the suffix "icle", as used in both Unilever's POPSICLE and Caglia's GLOWSICLE, is derived from the word icicle.

94. "Icicle" and its suffice "icle" are generic and descriptive words, which are available for all to use freely.

95. Caglia uses the suffix "icle" in GLOWSICLE, as do others, fairly and in good faith to describe his ice-based confectionary products.

96. While Unilever purportedly owns trademark registrations for POPSICLE THE ORIGINAL BRAND (Registration No. 1,840,718), POPSICLE (Registration No. 2,421,400), FUDGSICLE (Registration No. 434,594), CREAMSICLE (Registration No. 1,839,541), and CHOCSICLE (Registration No. 3,178,063) (collectively the "Unilever Marks"); upon information and belief, Unilever has never used "icle" alone for any products or services, nor has Unilever ever attempted to register "icle" as a mark for its frozen confection goods.

97. Competing marks have been registered, including but not limited to "SORBICLE" (Registration No. 3,684,229), which use the suffice "icle" in connection with their International Class 030 goods.

98. While the Unilever Marks share a common characteristic the suffix "sicle" and/or "icle", upon information and belief, Unilever has always used and continues to use "icle" in connection with other words and prefixes, and always in the term's generic or common descriptive sense, to mean a mass of ice.

99. Upon information and belief, the common characteristic among the Unilever Marks is not recognized by purchasing public as indicative of Unilever as the source of the goods; instead the use of "sicle" and/or "icle" in each of the Unilever Marks is understood by the public to reference the generic meaning (i.e. made of ice).

100. Upon information and belief, Unilever previously had a registration for SICLE as a mark for "frozen confections on sticks, liquid concentrates for making the same, liquid chocolate coatings and powdered stabilizers for ice creams, sherbets, frozen custards, and frozen confections on sticks". In 2005, Unilever failed to renew the registration and accordingly the registration expired.

101. Years after the expiration of its registration of SICLE, Unilever brought the instant action against Caglia asserting that Unilever owned exclusive rights in "sicle" and contending that Caglia's use of GLOWSICLE infringed Unilever's rights therein.

102. Based on the foregoing allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

103. Caglia seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 that Unilever has no exclusive rights to the suffixes "icle" or "sicle" under the Lanham Act or the laws of California.

## THIRD COUNTERCLAIM
## CANCELLATION OF TRADEMARK REGISTRATION FOR CHOCSICLE
## (15 U.S.C. § 1119)

104. Caglia repeats and re-alleges its answers and allegations set forth in paragraphs 1-103 above.

105. In or around November 9, 2004, Unilever's successor in interest, Lipton Investments, Inc., filed intent-to-use application Serial No. 78/513947 (the "Chocsicle

Application") for the mark CHOCSICLE (the "Chocsicle Mark"), for "frozen confections" in International Class 030.

106. In or around January 3, 2006, the USPTO issued a Notice of Allowance with respect to the Chocsicle Application.

107. In or around June 20, 2006, Unilever filed a statement of use with respect to the Chocsicle Mark (the "Chocsicle SOU"). The Chocsicle SOU purported, inter alia, that Unilever was using the Chocsicle Mark in interstate commerce as packaging for Unilever's frozen confections as of February 2005, and the Chocsicle Mark was also in use as of the date of the Chocsicle SOU. The Chociscle SOU purported to include "one (1) specimen showing the mark as used in commerce" (the "Chocsicle Specimen").

108. In or around October 27, 2006 the Chocsicle SOU was accepted by the USPTO. In or around November 28, 2006, the USPTO issued a registration for the Chocsicle Mark, Registration No. 3,178, 063 (the "Chocsicle Registration").

109. Upon information and belief, Unilever was not using the Chocsicle Mark in connection with frozen confections in interstate commerce in or around February 2005 or in or around the Chocsicle SOU date.

110. Upon information and belief, the Chocsicle Specimen was merely an artistic rendering of the Chocsicle Mark packaging and not actual packaging as Unilever purported. Upon information and belief, the reason actual packaging was not submitted was because no actual packaging existed.

111. Upon information and belief, to this day, the Chocsicle Mark has never been used in commerce by Unilever. The Chocsicle Mark and CHOCSICLE products are not included on Unilever's website, nor are such products sold to stores or consumers.

112. Unilever's knowingly false, material misrepresentations of fact in connection with the allegations of use of the Chocsicle Mark constitute fraud on the USPTO. These material misrepresentations and fraudulent specimen were submitted to the USPTO by Unilever with the intent of deceiving the USPTO and inducing the USPTO to rely on them in connection with the registration of the Chocsicle Mark, all in a manner which was not justified by the actual facts.

13    DEF. CAGLIA'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT; AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

113. The USPTO did in fact register Chocsicle Registration pursuant to the material misrepresentations and fraudulent specimens made by Unilever. Unilever's fraud on the USPTO is justification for cancellation, ab initio, of the Chocsicle Registration.

114. The allegations contained in the Complaint filed by Unilever in the instant action are injurious to Caglia within the meaning of 15 U.S.C. §1064(3), and Caglia will be damaged if the Chocsicle Registration is not cancelled.

115. This Court, pursuant to its authority under 15 U.S.C. §1119 to order cancellation of trademark registration and otherwise rectify the U.S. trademark register with respect to the registration of any party to an action before it, should order cancellation of the Chocsicle Registration.

## FOURTH COUNTERCLAIM

## DECLARATORY RELIEF: CAGLIA HAS NOT INFRINGED UNILEVER

## (28 U.S.C. § 2201)

116. Caglia repeats and re-alleges its answers and allegations set forth in paragraphs 1-115 above.

117. Based on the foregoing allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

118. Caglia seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 that Caglia has not infringed and does not infringe, directly or indirectly, the purported trademark rights of Unilever under the Lanham Act or the laws of California.

## PRAYER FOR RELIEF

WHEREFORE, Caglia prays for judgment as follows:

1. That Unilever take nothing by its Complaint and the Court dismiss the Complaint with prejudice;

2. That the Court order a cancellation of the Popsicle Registrations pursuant to 15 U.S.C. § 1119;

3. That the Court enter a judgment declaring that Unilever has no exclusive rights to the suffixes "icle" or "sicle" under the Lanham Act or the laws of California;

4. That the Court order a cancellation of the Chocsicle Registration, pursuant to 15 U.S.C. § 1119;

5. That the Court enter a judgment declaring that Caglia has not infringed and does not infringe, directly or indirectly, the purported trademark rights of Unilever under the Lanham Act or the laws of California;

6. That the Court award Caglia all costs and expenses it incurs in this action;

7. That the Court award Caglia such other and further relief that it deems just and proper.

## JURY DEMAND

Caglia hereby demands a trial by jury for all of its counterclaims.

Dated: 2/24/11

John Antony Ueland-Caglia
34098 Ladyfern Court
Lake Elsinore, California 92532
johncaglia@glowsicle.com
(714) 883-9092

Defendant In Propria Persona

# PROOF OF SERVICE

I, Alisha Franklin, the undersigned declare that:

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My address is: 34098 Lady Fern Ct, Lake Elsinore Ca 92532.

On 2/24/11, I served a true and correct copy of: **DEFENDANT JOHN ANTHONY UELAND CAGLIA'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; AND COUNTERCLAIMS** by placing the documents in a sealed envelope with postage thereon fully prepaid, in the United States mail, addressed as set forth below:

> Yvette D. Roland/Cyndie M. Chang
> 865 So. Figueroa St., Suite 3100
> Los Angeles, California 90017

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 02/24/11, at Lake Elsinore, California.

Alisha Ann Franklin