1   Yvette D. Roland (SBN 120311)
    Cyndie M. Chang (SBN 227542)
2   DUANE MORRIS LLP
    865 S. Figueroa St., Suite 3100
3   Los Angeles, CA 90017-5450
    Telephone: (213) 689-7400
4   Facsimile: (213) 689-7401
    Email:  ydroland@duanemorris.com
5   Email:  cmchang@duanemorris.com
    and
6   Gregory P. Gulia (*Pro Hac Vice*)
    Eric W. McCormick (*Pro Hac Vice*)
7   Mitchell A. Frank (*Pro Hac Vice*)
    DUANE MORRIS LLP
8   1540 Broadway
    New York, New York 10036-4086
9   Telephone: (212) 692-1000
    Facsimile: (212) 692-1020

10
    Attorneys for Plaintiff/Counterclaim Defendant
11  UNILEVER SUPPLY CHAIN, INC.

12

13              **IN THE UNITED STATES DISTRICT COURT**

14          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  UNILEVER SUPPLY CHAIN, INC., | Case No.: CV10-09851 SVW (PJWx) |
| 16                    Plaintiff, | **PLAINTIFF/COUNTER-DEFENDANT UNILEVER SUPPLY CHAIN, INC.'S ANSWER TO DEFENDANT/COUNTER-CLAIMANT JOHN ANTONY UELAND CAGLIA'S COUNTERCLAIMS** |
| 17         v, | |
| 18  JOHN ANTONY UELAND CAGLIA and GLOWSICLE LLC, | |
| 19                    Defendants. | |
| 20 | |
| 21 | **DEMAND FOR JURY TRIAL** |
| 22  JOHN ANTHONY [sic] UELAND CAGLIA, | |
| 23 | |
| 24                    Counter-Claimant, | |
| 25         v. | |
| 26  UNILEVER SUPPLY CHAIN, INC., | |
| 27                    Counter-Defendant. | |
| 28 | |

Plaintiff/Counter-Defendant Unilever Supply Chain, Inc. ("Unilever"), by its undersigned attorneys, Duane Morris LLP, hereby answers the counterclaims of Defendant/Counter-Claimant John Antony Ueland Caglia ("Caglia"), that begin with paragraph 76 of Caglia's First Amended Answer to First Amended Complaint; Affirmative Defenses; and Counterclaims dated February 24, 2011 in this action, as follows:

## COUNTERCLAIM

76.     The allegations of paragraphs 1-75 are not properly a part of Caglia's counterclaims, and therefore no response is required because they consist of Caglia's answer and affirmative defenses.

77.     Unilever denies the allegations contained in paragraph 77, except admits that this action arises in part from Unilever's allegations that it has the exclusive right to use the registered trademark POPSICLE®.

78.     Unilever denies the allegations contained in paragraph 78.

## PARTIES

79.     With respect to the allegations contained in paragraph 79, Unilever admits that Caglia is an individual who, upon information and belief, resides at 34098 Ladyfern Court, Lake Elsinore, California 92532.

80.     With respect to the allegations contained in paragraph 80, Unilever admits, upon information and belief, that Defendant Glowsicle LLC is a Nevada limited liability company. Unilever is otherwise without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in paragraph 80 and on that basis denies such allegations.

81.     Plaintiff admits the allegations contained in paragraph 81.

## JURISDICTION

82.     Unilever admits that this Court has jurisdiction over this matter pursuant, inter alia, to the statutes referenced in paragraph 82, but otherwise denies the allegations contained in paragraph 82.

## FIRST COUNTERCLAIM

## CANCELLATION OF TRADEMARK REGISTRATION FOR

## POPSICLE (15 U.S.C. §1119)

83.   Unilever repeats and re-alleges the answers and allegations set forth in paragraphs 76-82 hereof and incorporates them herein as if fully restated.

84.   Unilever admits the allegations contained in paragraph 84.

85.   Unilever denies the allegations contained in paragraph 85.

86.   Unilever denies the allegations contained in paragraph 86.

87.   Unilever denies the allegations contained in paragraph 87.

88.   Unilever denies the allegations contained in paragraph 88.

89.   Unilever denies the allegations contained in paragraph 89.

90.   Unilever denies the allegations contained in paragraph 90.

## SECOND COUNTERCLAIM

## DECLARATORY RELIEF: UNILEVER HAS NO EXCLUSIVE

## RIGHTS TO ICLE OR SICLE (28 U.S.C. § 2201)

91.   Unilever repeats and re-alleges the answers and allegations set forth in paragraphs 76-90 hereof and incorporates them herein as if fully restated .

92.   Unilever is without knowledge or sufficient information to admit or deny the allegation contained in paragraph 92 and on that basis denies such allegations.

93.   Unilever denies the allegations contained in paragraph 93.

94.   Unilever is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 and on that basis denies such allegations.

95.   Unilever denies the allegations contained in paragraph 95.

96.   Unilever admits the allegations contained in paragraph 96.

97.   Unilever admits that the trademark SORBICLE is registered under Registration Number 3,684,229, but otherwise denies the allegations contained in paragraph 97.

3

98.   Unilever admits that the Unilever Marks contain the suffix "sicle" and denies the remaining allegations contained in paragraph 98.

99.   Unilever denies the allegations contained in paragraph 99.

100.   Unilever admits the allegations contained in paragraph 100.

101.   Unilever admits that it contends that Caglia's use of GLOWSICLE infringed Unilever's rights and admits that it brought this action after the expiration of its registration of SICLE, but is without knowledge or sufficient information to admit or deny the remaining allegations and therefore denies the remaining allegations in paragraph 101.

102.   With respect to the allegations contained in paragraph 102, Unilever admits that there exists between the parties a substantial controversy, but denies that Caglia is entitled to declaratory relief.

103.   Unilever admits Caglia is seeking declaratory judgment, but denies that Caglia is entitled to any such relief.

## THIRD COUNTERCLAIM

## CANCELLATION OF TRADEMARK REGISTRATION FOR

## CHOCSICLE (15 U.S.C. § 1119)

104.   Unilever repeats and re-alleges the answers and allegations set forth in paragraphs 76-103 hereof and incorporates them herein as if fully restated.

105.   Unilever denies that Lipton Investments, Inc. is a successor in interest to Unilever, but otherwise admits the allegations contained in paragraph 105.

106.   Unilever admits the allegations contained in paragraph 106.

107.   Unilever admits the allegations contained in paragraph 107.

108.   Unilever admits the allegation contained in paragraph 108.

109.   Unilever denies the allegations contained in paragraph 109.

110.   Unilever denies the allegations contained in paragraph 110.

111.   Unilever admits the allegations contained in paragraph 111 that the CHOCSICLE® Mark and CHOCSICLE® products are not currently included on Unilever's website, nor are such products currently sold to stores or consumers, but otherwise denies the allegations contained in paragraph 111.

112.   Unilever denies the allegations contained in paragraph 112.

113.   Unilever admits that the USPTO registered the CHOCSICLE® trademark, but otherwise denies the allegations contained in paragraph 1113.

114.   Unilever denies the allegations in paragraph 114.

115.   Unilever denies the allegations contained in paragraph 115.

## FOURTH COUNTERCLAIM

## DECLARATORY RELIEF: CAGLIA HAS NOT INFRINGED UNILEVER (28 U.S.C. § 2201)

116.   Unilever repeats and re-alleges the answers and allegations set forth in paragraphs 76-115 hereof and incorporates them herein as if fully restated.

117.   With respect to paragraph 117, Unilever admits that there exists between the parties a substantial controversy, but denies that Caglia is entitled to declaratory relief.

118.   With respect to the allegations contained in paragraph 118, Unilever admits Caglia is seeking declaratory judgment, but denies that Caglia is entitled to any such relief.

## CAGLIA'S PRAYER FOR RELIEF

Unilever denies Caglia's prayer for relief and asserts that Caglia take nothing by way of his counterclaims and that his Prayer for Relief be denied in its entirety.

/ / /

/ / /

## UNILEVER'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Caglia's counterclaims, and each claim asserted therein, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Caglia's counterclaims, and each claim asserted therein, are barred, in whole or in part, by the doctrine of estoppel by laches.

### THIRD AFFIRMATIVE DEFENSE

3.      Caglia's counterclaims, and each claim asserted therein, are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

4.      Caglia's counterclaims, and each claim asserted therein, are barred, in whole or in part, by the doctrine of estoppel by acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

5.      Caglia's counterclaims, and each claim asserted therein, are barred, in whole or in part, by the doctrine of unclean hands.

## UNILEVER'S PRAYER FOR RELIEF

WHEREFORE, Unilever prays as follows:

(a)      That this Court dismiss all of Caglia's counterclaims with prejudice;

(b)      That this Court grant all of the relief sought by Unilever in its First Amended Complaint.

## DEMAND FOR JURY TRIAL

Unilever hereby demands a jury trial with respect to all issues so triable.

/ / /

/ / /

Dated: March 2, 2011                    **DUANE MORRIS** LLP

By: /s/ Cyndie Chang
Yvette D. Roland
Cyndie M. Chang
Attorneys for Plaintiff

7

***PROOF OF SERVICE***

Re:   *Unilever Supply Chain, Inc. v. John Anthony Ueland Caglia and Glowsicle LLC*
      U.S.D.C. Case No. CV10-09851 SVW (PJWx)

   I am a citizen of the United States, over the age of 18 years, and not a party to interested in the cause. I am an employee of Duane Morris LLP and my business address is 865 So. Figueroa Street, Suite 3100, Los Angeles, California 90017-5450. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes. On the date stated below, I served the following documents:

**PLAINTIFF/COUNTER-DEFENDANT UNILEVER SUPPLY CHAIN, INC.'S ANSWER TO DEFENDANT/COUNTER-CLAIMANT JOHN ANTONY UELAND CAGLIA'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL**

X   BY U.S. MAIL: ☒ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and placed the envelope for collection and mailing following our ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, in a sealed envelope with postage fully prepaid. OR
☐ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

___   BY MESSENGER SERVICE: I enclosed the documents in an envelope or package addressed to the person(s) set forth below and providing the package(s) to a professional messenger service for same day delivery service. (*A declaration by the messenger must accompany this Proof of Service*).

___   BY PERSONAL SERVICE: I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

___   BY OVERNIGHT DELIVERY: I enclosed the documents in a sealed envelope or package provided by FedEx and addressed to the person(s) listed below by placing the envelope or package(s) for collection and transmittal by FedEx pursuant to my firm's ordinary business practices, which are that on the same day a FedEx envelope or package is placed for collection, it is deposited in the ordinary course of business with FedEx for overnight delivery, with all charges fully prepaid.

___   BY FACSIMILE: Based on a court order or an agreement of the parties to accept service by fax transmission, I faxed the documents to the person(s) at the fax number(s) listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

___   BY ELECTRONIC SERVICE: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that

8

the transmission was unsuccessful.

John Anthony Ueland Caglia
In Propria Persona
34098 Ladyfern Court
Lake Elsinore, California  92532
Tel:  714.883.9092
E-Mail address:  johncaglia@glowsicle.com

Glowsicle LLC
On behalf of Agent for Service of Process
John Anthony Ueland Caglia
34098 Ladyfern Court
Lake Elsinore, California  92532


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2nd day of March, 2011, at Los Angeles, California.


Diana Garcia