Yvette D. Roland (SBN 120311)
Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: ydroland@duanemorris.com
E-mail: cmchang@duanemorris.com

Gregory P. Gulia (*Pro Hac Vice*)
Eric W. McCormick (*Pro Hac Vice*)
Mitchell A. Frank (*Pro hac vice*)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020

Attorneys for Plaintiff/Counter-Defendant
UNILEVER SUPPLY CHAIN, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN ANTONY UELAND CAGLIA and GLOWSICLE LLC, <br><br> Defendants. | Case No.: CV10-09851 SVW (PJWx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT GLOWSICLE LLC** <br><br> Date: <br> Time: <br> Courtroom: 6 |
| JOHN ANTHONY [SIC] UELAND CAGLIA, <br><br> Counter-Claimant, <br><br> v. <br><br> UNILEVER SUPPLY CHAIN, INC., <br><br> Counter-Defendant. | |

Pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 55-1 of the Local Civil Rules for the Central District of California, Plaintiff Unilever Supply Chain, Inc. ("Plaintiff") respectfully submits this memorandum of points and authorities in support of its application for entry of default judgment by the Court and an order granting injunctive relief against Defendant Glowsicle LLC ("Glowsicle LLC" or "Defendant") enjoining Defendant from its acts of trademark infringement, false designation of origin, unfair competition, and trademark dilution.

## I. INTRODUCTION

This action was brought against Defendant Glowsicle LLC for trademark infringement, trademark dilution, false designation of origin and unfair competition, in violation of the Lanham Act, 15 U.S.C. §§ 1114 (1), 1125(a)(1), and 1125(c), California Business and Professions Code §§ 14247 and 17200, and common law, arising from Defendant's use of a designation that is likely to cause confusion with, dilute, and/or is likely to dilute, Unilever's federally registered and famous family of SICLE trademarks, including POPSICLE®, CREAMSICLE® and FUDGSICLE® (collectively, the "SICLE Marks").

Specifically, on February 9, 2011, Plaintiff filed its First Amended Complaint ("Plaintiff's Amended Complaint") [Docket Document No. 17]. This action arises out of Defendant Glowsicle LLC's past, current and planned use of the name GLOWSICLE in connection with frozen confections.

On February 10, 2011, the summons in this civil case and Plaintiff's Amended Complaint were properly served upon Defendant Glowsicle LLC at 34098 Ladyfern Ct., Lake Elsinore, CA 92584 via personal delivery to its agent for service, John Antony Ueland Caglia.

As indicated in the Application for Default Judgment, Defendant Glowsicle LLC has never appeared in this matter, nor has it filed an answer to Plaintiff's Amended Complaint. Further, the time to file a responsive pleading has passed.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT GLOWSICLE LLC

DM2\2776876.2

2

By refusing to defend itself in this lawsuit, Glowsicle LLC left Plaintiff with no legal recourse other than to pursue entry of a final default judgment. Plaintiff requested an entry of default against Defendant on March 16, 2011, whereupon the Clerk of this Court entered the default of Defendant Glowsicle LLC on March 17, 2011 [Docket Document No. 28].

Accordingly, Plaintiff now requests that the Court enter default judgment against Glowsicle LLC and issue a permanent injunction against Glowsicle LLC to prevent infringement and dilution of the SICLE Marks.

## II.   ARGUMENT

### A.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER

Fed. R. Civ. P. 55 provides that a default may be entered when a party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55.

A default concedes the truth of the allegations of the complaint as to Defendant's liability. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *LG Elecs., Inc. v. Adv. Creative Comp. Corp.*, 212 F. Supp. 2d 1171, 1175 (N.D. Cal. 2002) (quoting *Geddes v. United Fin. Grp.*, 559 F.3d 557, 560 (9th Cir. 1977) and finding moving party entitled to an injunction against infringement).

Hence, the factual allegations in Plaintiff's Amended Complaint, now deemed true by virtue of the default, establish Defendant Glowsicle LLC's liability to Plaintiff for federal trademark infringement (15 U.S.C. §1114(1)), federal unfair competition and false designation of origin (15 U.S.C. § 1125(a)), federal trademark dilution (15 U.S.C. § 1125(c)), state statutory unfair competition (Cal. Business & Professions Code § 17200), state statutory dilution (Cal. Business & Professions Code § 14247), and common law unfair competition.

Accordingly, Plaintiff requests that default judgment be entered against Glowsicle LLC because Plaintiff has satisfied Rule 55 of the Federal Rules of Civil

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT GLOWSICLE LLC

3

DM2\2776876.2

Procedure and Rule 55-1 of the Local Civil Rules for the Central District of California.

### III. PLAINTIFF HAS SUCCESSFULLY ALLEGED FACTS IN SUPPORT OF A DEFAULT JUDGMENT

#### A. Plaintiff's Rights in the Trademarks at Issue

The allegations in Plaintiff's Amended Complaint clearly establish the elements of liability required for claims of federal trademark infringement, federal unfair competition and false designation of origin, and federal dilution under the Lanham Act, as well as state statutory unfair competition, dilution and common law unfair competition. Plaintiff's Amended Complaint sets forth in detail, and Defendant has admitted by default, Plaintiff's ownership of, and exclusive right to use the SICLE Marks. [*See* Docket Document No. 17, ¶¶ 10-16].

Plaintiff has pled, and Defendant has admitted by default, that:

(a) Plaintiff and/or its predecessors and/or their respective licensees have continuously used the SICLE Marks in the United States for frozen confections and other ancillary products for more than eighty years.

(b) The famous SICLE Marks have appeared on product packaging, advertising, promotional materials, displays and the like.

(c) During the more than eighty years that Plaintiff and its predecessors and/or their respective licensees have been using the SICLE Marks in U.S. commerce, they have invested significant amounts of time, effort and hundreds of millions of dollars to market and to maintain the highly regarded image of the SICLE Marks.

(d) The SICLE Marks are famous and were famous at all times relevant to this action and enjoy a reputation as signifying goods of the highest quality as a result of this considerable investment of money and efforts.

(e) Due to the long and exclusive use of the SICLE Marks, consumers associate those marks solely with Plaintiff and its products and these marks symbolize and represent goodwill of enormous value to Plaintiff.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT GLOWSICLE LLC

DM2\2776876.2

4

B. **Defendant Glowsicle LLC's Acts of Trademark Infringement, Dilution and Related Conduct**

Plaintiff further alleges, and Defendant Glowsicle LLC has admitted by default, that:

(a) Defendant is or will be promoting, marketing and selling under the confusingly similar GLOWSICLE designation products that are directly competitive with the frozen confections long offered under Plaintiff's SICLE Marks. *See* id at ¶19.

(b) Defendant's infringement of Plaintiff's valuable SICLE Marks is willful. *See* id. at ¶¶ 30-33.

(c) Defendant's conduct is causing immediate and irreparable injury to Plaintiff, will confuse the public and is likely to dilute the distinctive quality of Plaintiff's famous SICLE Marks. *See* id. at ¶¶ 37, 40, 43, 45, 51, 56, 61.

IV. **PLAINTIFF IS ENTITLED TO THE RELIEF SOUGHT**

A. **Plaintiff Is Entitled to a Permanent Injunction**

Plaintiff is entitled to a permanent injunction to prevent Glowsicle LLC from engaging in any future infringement or dilution of its trademarks. The Lanham Act provides that a court may grant injunctive relief in favor of a trademark owner to prevent further acts of infringement. 15 U.S.C. § 1116(a); *Polo Fashions, Inc. v. Dick Bruhn, Inc*, 793 F.2d 1132, 1135-36 (9th Cir. 1986) (holding that Lanham Act does not require showing of threat of future harm for issuance of injunction). The Ninth Circuit has held that "injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) (holding that injunction is appropriate because it will best serve to protect plaintiff[s] from the risk of continuing irreparable harm).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT GLOWSICLE LLC

DM2\2776876.2

5

Similarly, Plaintiff is also entitled to a permanent injunction from Glowsicle LLC to prevent dilution of Plaintiff's SICLE Marks. <u>See</u> 15 U.S.C. §1125 (c). *See also* Cal. Business & Professions Code § 14247.

Specifically, under Section 43 (c) of the Lanham Act, a trademark owner is entitled to injunctive relief:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

15 U.S.C. § 1125(c) (1) (2007). Here, Plaintiff's SICLE Marks were distinctive and famous prior to, and at the time of, GLOWSICLE'S adoption and use of a confusingly similar name. *Mosley v. V. Secret Catalogue, Inc.*, 537 U.S. 418 (2003); *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868 (9th Cir. 1999) (addressing federal and California trademark dilution law); *Horphag Research, Ltd. v. Garcia*, 475 F.3d 1029 (9th Cir. 2007).

As set forth above, Plaintiff has established that Glowsicle LLC's use of the GLOWSICLE name is likely to cause confusion with the SICLE Marks, in that the purchasing public will be confused by Defendant's GLOWSICLE products if the sale of these products is allowed. Defendant, by default, admits these facts and Glowsicle LLC should therefore be held liable for trademark infringement.

Further, the SICLE Marks are highly distinctive and famous and are uniquely associated with Unilever and its products. Glowsicle LLC'S activities complained of in this action cause injury to Plaintiff's business reputation by impairing the effectiveness of Plaintiff's famous SICLE Marks, and are likely to dilute the distinctive quality of the SICLE Marks. Defendant, by default, admits these facts, as well.

Glowsicle LLC's activities in connection with the GLOWSICLE name occurred and if not enjoined would continue to occur long after the SICLE Marks acquired fame, and have diluted, will continue to dilute, and/or are likely to dilute, unless restrained, the distinctive quality of the famous SICLE Marks by destroying the exclusive association between those marks and Plaintiff's goods, and/or otherwise lessen the capacity of those marks to identify Plaintiff and its goods exclusively.

Accordingly, Plaintiff requests that the Court enjoin Glowsicle LLC's use of the GLOWSICLE name, as well as the use of any name confusingly similar to, or dilutative of, the SICLE Marks.

No monetary relief can prevent, or compensate Plaintiff for, the irreparable damage to Plaintiff and its SICLE Marks caused and that would be caused as a result of Defendant's continuing infringing and diluting activities. Accordingly, a permanent injunction is fully warranted.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court order entry of final judgment by default against Defendant Glowsicle LLC and enter a permanent injunction as set forth in the [Proposed] Judgment by the Court as to Defendant Glowsicle LLC submitted herewith.

Dated: March 28, 2011         **DUANE MORRIS LLP**

                              By:   /s/ Cyndie M. Chang
                                    Cyndie M. Chang
                                    Attorneys for Plaintiff
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT GLOWSICLE LLC

DM2\2776876.2                     7

## PROOF OF SERVICE

Re: *Unilever Supply Chain, Inc. v. John Antony Ueland Caglia and Glowsicle LLC*
U.S.D.C. Case No. CV10-09851 SVW (PJWx)

I am a citizen of the United States, over the age of 18 years, and not a party to this case. I am an employee of Duane Morris LLP and my business address is 865 So. Figueroa Street, Suite 3100, Los Angeles, California 90017-5450. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes. On the date stated below, I served the following documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT GLOWSICLE LLC**

X  **BY U.S. MAIL:** ☒ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and placed the envelope for collection and mailing following our ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid. OR
☐ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

X  **BY PERSONAL DELIVERY:** On the date set forth below, at Los Angeles, California, I placed the above-referenced document(s) in a box or location regularly maintained at my office for our messenger/courier service, or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents. The document(s) was(were) placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown below, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence. The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

___  **BY OVERNIGHT DELIVERY:** I enclosed the documents in a sealed envelope or package provided by FedEx and addressed to the person(s) listed below by placing the envelope or package(s) for collection and transmittal by FedEx pursuant to my firm's ordinary business practices, which are that on the same day a FedEx envelope or package is placed for collection, it is deposited in the ordinary course of business with FedEx for overnight delivery, with all charges fully prepaid.

___  **BY FACSIMILE:** Based on a court order or an agreement of the parties to accept service by fax transmission, I faxed the documents to the person(s) at the fax number(s) listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

___ BY ELECTRONIC SERVICE: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

John Antony Ueland Caglia
In Propria Persona
34098 Ladyfern Court
Lake Elsinore, California 92532
Tel: 714.883.9092
E-Mail address: johncaglia@glowsicle.com

Glowsicle LLC
c/o John Antony Ueland Caglia, as Agent for Service of Process for Glowsicle LLC
34098 Ladyfern Court
Lake Elsinore, California 92532

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of March, 2011, at Los Angeles, California.

_____
Diana Garcia